UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-463-FDW

| CHRISTOPHER OXENDINE-BEY, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | ORDER |
| TERRY LEMON, et al., | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint that was filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

## I. BACKGROUND

Plaintiff is a prisoner of the State of North Carolina following his conviction for felony offenses in Mecklenburg County Superior Court on January 22, 2008. Plaintiff was sentenced to over 10-years' imprisonment and his projected release date is in August 2016. In his § 1983 complaint, Plaintiff alleges that in February 2013, he was subjected to excessive force while incarcerated at Lanesboro Correctional Institution by Defendants Lemon and Pettigrew. Defendant Hatley took pictures of Plaintiff's alleged injuries, and while this examination was being conducted, Plaintiff contends that Defendant Lemon grabbed Plaintiff by the back of his head and rammed his face into a concrete wall which led to a concussion. Next, Plaintiff alleges that Defendant Lemon continued the assault by punching him several times in the face which led to further injuries. Plaintiff was examined by medical personnel and pictures were taken of his alleged injuries. Plaintiff was later removed to a cell and placed in full restraints for 72-hours. As a result, he could not eat, brush his teeth, bathe and he was forced to soil himself because he was not allowed to use the toilet. In his claim for relief, Plaintiff is seeking compensatory and punitive

1

damages from each defendant

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff is a prisoner of the State of North Carolina and as such his pro se § 1983 complaint must satisfy the mandatory requirements of the Prisoner Litigation Reform Act ("PLRA") which provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court noted that

"exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id. Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is housed and where the allegations supporting the complaint arose. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an affirmative defense, but the Court is not prohibited from sua sponte examining the issue of exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Anderson, 407 F.3d at 683.

In North Carolina, State prisoners must complete a three-step administrative remedy procedure in order to exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). In Plaintiff's complaint, he contends that he exhausted his administrative remedies and he attaches documentation which details his participation in the administrative remedy procedure. (3:13-cv-646, Doc. No. 1: Complaint at 2). Plaintiff filed a

3

document entitled "Verified Statement" wherein he avers that he has in fact exhausted his administrative remedies however the attached documents demonstrate that his grievance was recommended to be dismissed at Step One and the grievance examiner agreed with that disposition in Step Two but there is no documentation that demonstrates that Plaintiff ever appealed this recommendation through a Step Three appeal. (Id., Doc. No. 6).

Based on the foregoing, the Court finds that Plaintiff has failed to exhaust his administrative remedies prior to filing his complaint – notwithstanding his verified statement which is plainly belied by the documents that were submitted by the Plaintiff. Accordingly, the Court finds that this § 1983 complaint should be dismissed without prejudice to his ability to refile the complaint and submit proof that he has fully exhausted his state administrative remedies.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Plaintiff's motions for default judgment, (Doc. No. 8), and for entry of default, (Doc. No. 9), are **DENIED.**

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: June 17, 2014

Frank D. Whitney
Chief United States District Judge